## Interlocking Bank Directorates. No. 1

SAYLOR, Deputy Attorney General, November 2, 1933.—You have submitted to us two questions arising, respectively, under section 512(b) of the Banking Code of May 15, 1933, P. L. 624, and section 33 of the so-called "Glass-Steagall Act", being the Banking Act of June 16, 1933, 48 Stat. at L. 162, 15 U. S. C. § 19(a).

1. You ask whether a cashier or treasurer of a banking institution under your supervision may serve as a member of the board of directors of any other

incorporated institution under your supervision or of a National banking association.

Section 512 (*b*) of the Banking Code of 1933 provides that:

"A cashier or treasurer of an institution shall not engage in any other gainful profession, business, occupation, or calling, either directly or indirectly, but this shall not be construed to affect the right to be at the same time a member of the board of directors or the board of trustees of the incorporated institution in which he is cashier or treasurer."

Section 2 of the code defines "institution" as including "any bank, bank and trust company, savings bank, trust company, or private bank."

Is a member of a board of directors of an incorporated State banking institution, or of a National bank, engaged in a "gainful profession, business, occupation, or calling" when performing the duties of his office?

We call attention to the fact that the act prohibits a cashier or treasurer from engaging in another gainful occupation, business, or calling "directly or indirectly".

We are not prepared to say that every director while so acting is engaged in a gainful business or calling.

However, if directors' fees are paid, clearly the office is gainful. And if a director, through his connection with a banking corporation, is employed as solicitor or in any other paid capacity, his office is, in our opinion, indirectly gainful.

And the legislature itself evidenced its belief that directorships are prima facie gainful, by providing specifically that the prohibition quoted shall not be construed to forbid a cashier or treasurer from being a director of his own institution.

It is our opinion that presumably a directorship in a State banking institution is a gainful business, occupation, or calling, and that the burden is upon any cashier or treasurer to show conclusively that his directorship in another State banking institution or a National banking association is not gainful, directly or indirectly.

2. You ask whether, under section 33 of the Glass-Steagall Act, directors, officers, and employes of National banking associations, or of institutions under your supervision which are members of the Federal Reserve System, are prohibited from serving at the same time as directors, officers, or employes of other banking institutions under your supervision or under supervision of the Comptroller of the Currency.

Section 33 of the Glass-Steagall Act amended the Act of Congress of October 15, 1914, 38 Stat. at L. 730, 15 U. S. C. § 19, as amended, by adding thereto section 8 (*a*) 15 U. S. C. § 19 (*a*) ), which provides:

"That from and after the 1st day of January 1934, no director, officer, or employee of any bank, banking association, or trust company, organized or operating under the laws of the United States shall be at the same time a director, officer, or employee of a corporation (other than a mutual savings bank) or a member of a partnership organized for any purpose whatsoever which shall make loans secured by stock or bond collateral to any individual, association, partnership, or corporation other than its own subsidiaries."

Do the words "bank, banking association, or trust company, organized or operating under the laws of the United States" include institutions supervised by your department?

Banks "organized . . . under the laws of the United States" are those organized under an act of Congress—National banks.

Banks "operating under the laws of the United States" are those not organ-

ized under the laws of the United States but which, because they are members of the Federal Reserve System, operate under the laws of the United States.

Therefore, it is our opinion that the quoted provision of the Glass-Steagall Act refers to all the members of Federal Reserve System, including banks organized under the laws of the several States.

This conclusion is emphasized by the fact that trust companies as such cannot be "organized" under the laws of the United States. All trust companies are organized under State law, but National banks, after being organized under the laws of the United States, may acquire trust company powers and be permitted to use the words "trust company" in their titles.

Accordingly, all trust companies operating under the laws of the United States are trust companies organized under State laws.

It is our opinion that on and after January 1, 1934, a director, officer, or employe of any bank or trust company under your supervision, which is a member of the Federal Reserve System, may not at the same time be a director, officer, or employe of any other corporation or of a partnership organized for any purpose which shall make loans secured by stock or bond collateral to any individual, association, partnership, or corporation, other than its own subsidiaries.

Therefore, we advise you:

1. That there is a presumption against the eligibility of a cashier or treasurer of a State banking institution subject to the supervision of your department to serve as a director of another such institution or of a National bank. He must prove that his office as director is not gainful, either directly or indirectly.

2. That after January 1, 1934, a director, officer, or employe of any Pennsylvania bank or trust company which is a member of the Federal Reserve System may not at the same time be a director, officer, or employe of any other corporation or of a partnership which makes loans secured by stock or bond collateral to any individual, association, partnership, or corporation, other than its own subsidiaries.                    From C. P. Addams, Harrisburg, Penna.